**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Donnell May Harris,<br><br>Plaintiff,<br>v.<br><br>M.T. Transit Inc.,<br><br>Defendant. | Case No.: 26-cv-07816<br><br>Judge John F. Kness<br>Magistrate Judge Young B. Kim |

**Answer to Complaint**

NOW COMES the Defendant, M.T. TRANSIT INC., individually, by and through their attorneys, KONICEK & DILLON, P.C., and, as and for their Answer to Plaintiff's Complaint, state as follows:

**Nature of the Action**

1. This is an action under the ADA and FMLA for disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, retaliation, discriminatory and retaliatory discharge, interference with FMLA rights, failure to reinstate after protected medical leave, and retaliation for exercising FMLA rights. Plaintiff seeks damages, equitable relief, and all other appropriate relief as described herein.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶1.**

**Parties**

2. Plaintiff Donnell May Harris is a natural person and resident of Matteson, Illinois. Plaintiff's date of birth is January 3, 1948. Plaintiff resides at 6520 Bridle Path Drive, Matteson, Illinois 60443. The administrative charge identifies Plaintiff as "Donnell May" or "May." Plaintiff's full legal name is Donnell May Harris.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶2.**

3. Defendant M.T. Transit Inc. is an Illinois corporation with its principal place of business at 4450 S. Morgan Street, Chicago, Illinois 60609, in Cook County, Illinois. At all times relevant hereto, Defendant employed fifteen (15) or more employees and was an "employer" and "covered entity" within the meaning of the ADA, 42 U.S.C. §§ 12111(2), (S)(A). Upon information and belief, Defendant was also an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A), and employed fifty (50) or more employees within seventy-five (75) miles of Plaintiffs worksite.

**ANSWER: Defendant admits the allegations of ¶3.**

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over Plaintiffs ADA and FMLA claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. §2617(a)(2), because this action arises under the ADA, 42 U.S.C. § 12101 et seq., and the FMLA, 29 U.S.C. § 2601 et seq.

**ANSWER: Defendant admits the allegations of ¶4.**

5. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a), because the unlawful employment practices were committed in this District and Division, Defendant maintains its principal place of business in Chicago, Cook County, Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Division.

**ANSWER: Defendant admits venue is proper but denies the remainder of the allegations contained in ¶5.**

**Exhaustion of Administrative Remedies**

6. On or about November 13, 2025, Plaintiff filed a perfected Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"), Charge No. 2026CF0565, and the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 2 lB-2026-00208, alleging disability discrimination and retaliation against Defendant.

**ANSWER: Defendant admits the allegations contained in paragraph ¶6.**

7. On April 22, 2026, the EEOC issued Plaintiff a Notice of Right to Sue for Charge No. 2 lB-2026-00208, terminated its processing of the charge, and gave official notice that it dismissed the charge and issued Plaintiff notice of his right to sue the respondent(s) named in the charge.

**ANSWER: Defendant admits the allegations contained in paragraph ¶7.**

8. This action is filed less than ninety (90) days after the April 22, 2026 EEOC Notice of Right to Sue. All conditions precedent to filing this action pursuant to the ADA, 42 U.S.C. §§ 12117(a), 2000e-5(f)(l), have been fulfilled, waived, or excused.

**ANSWER: Defendant admits the allegations contained in paragraph ¶8.**

## Factual Allegations

### A. Plaintiff's Employment and Disability

9. Plaintiff was employed by Defendant as a Semi Driver from approximately April 25, 2008, until his unlawful termination on or about April 14, 2025.

**ANSWER: Defendant admits that Plaintiff was employed by Defendant as a Semi Driver from approximately April 25, 2008, until on or about April 14, 2025, but denies the remaining allegations of ¶9.**

10. Early in his employment, Plaintiff informed his direct supervisor, Anthony Tadin, and a lead foreman of an emerging medical condition that was subsequently confirmed as spinal stenosis.

This condition causes severe back pain radiating from the center of his spine down his leg and up into his shoulders.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶10.**

11. Plaintiff's spinal stenosis constitutes a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(1), as it substantially limits one or more major life activities, including but not limited to walking, standing, lifting, and working.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶11.**

12. Despite his condition, Plaintiff continued to perform his job duties for approximately sixteen (16) years without requesting medical leave or extended time off.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶12.**

13. In September 2024, while returning home from work, Plaintiff was involved in a serious car accident in which another vehicle collided with his car, significantly worsening his spinal condition and causing increasingly unbearable pain.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶13.**

14. On or about February 2, 2025, Plaintiff learned from his physician that he required surgery to correct collapsed discs in his spinal column.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶14.**

15. In early February 2025, Plaintiff notified Defendant through his foreman and direct supervisor that his physician had directed him to undergo spinal surgery and that he would require medical leave beginning on or about February 24, 2025.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶15.**

16. Before his surgery, Plaintiff asked Defendant about his eligibility for paid medical leave. Defendant provided no information or options regarding paid leave.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶16.**

17. As a result, Plaintiff took his entire medical leave on an unpaid basis.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶17.**

18. Upon information and belief, other employees who requested leave for non-disability-related reasons were provided with options for paid leave by Defendant.

**ANSWER: Defendant denies the allegations of ¶18.**

19. Despite excruciating pain, Plaintiff continued working without disruption until the week of his scheduled surgery.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶19.**

20. On February 24, 2025, Plaintiff underwent intensive open spinal surgery.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶20.**

### B. Plaintiff's Attempt to Return to Work and Termination

21. On April 11, 2025, Plaintiff attempted to return to work. Defendant prohibited him from working and directed him to submit both a drug screen and medical clearance before being permitted to return.

**ANSWER: Defendant admits Plaintiff was required to submit a drug screen and medical clearance before he could return to work. Defendant denies the remainder of the allegations contained in ¶21.**

22. On April 12, 2025, Plaintiff passed the required drug test and completed a medical examination that fully cleared him to return to work without restriction.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶22.**

23. On April 13, 2025, Plaintiff emailed Defendant copies of his drug screen results and medical clearance.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶23.**

24. On April 14, 2025, Plaintiff emailed Defendant inquiring whether any compensation for sick leave or disability was available. Defendant did not respond.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶24.**

25. Also on April 14, 2025, Plaintiff returned to Defendant's office with physical copies of his drug screen results and medical clearance and requested immediate reinstatement. Department Lead Al Paloma asked Plaintiff, "What day are you trying to come back?" Plaintiff responded, "Now." Defendant instructed Plaintiff to return home to "wait" for a call, without providing any reason or further instruction.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶25.**

26. After April 14, 2025, Defendant never permitted Plaintiff to resume working and never contacted Plaintiff to schedule his return.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶26.**

27. On May 6, 2025, Plaintiff emailed Defendant again requesting to return to work. Defendant did not respond.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶27.**

28. On May 27, 2025, Plaintiff received notice from the Illinois Department of Employment Security ("IDES") indicating that Defendant had claimed Plaintiff "voluntarily left" his employment.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶28.**

29. At no time did Plaintiff resign or voluntarily separate from his employment with Defendant. Defendant's representation to IDES that Plaintiff voluntarily left was false.

**ANSWER: Defendant denies the allegations of ¶29.**

30. Defendant's actions-including refusing to reinstate Plaintiff despite full medical clearance, directing him to wait indefinitely at home, failing to respond to his requests to return, and ultimately characterizing his employment as a voluntary separation-constitute a discriminatory and retaliatory discharge.

**ANSWER: Defendant denies the allegations of ¶30.**

**Count I**
**Disability Discrimination in Violation of the ADA, 42 U.S.C. § 12112(a)**

31. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

32. The ADA prohibits a covered entity from discriminating against a qualified individual on the basis of disability in regard to discharge, compensation, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

**ANSWER: Defendant admits the allegations of ¶32.**

33. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. §§ 12102(1) and 12111 (8), because he had a disability and could perform the essential functions of his Semi Driver position with or without reasonable accommodation.

**ANSWER: Defendant denies the allegations of ¶33.**

34. Defendant discriminated against Plaintiff on the basis of his disability by, among other things: (a) refusing to reinstate Plaintiff to his position after he obtained full medical clearance; (b) failing to provide Plaintiff with information regarding paid medical leave options that were allegedly available to employees with non-disability-related leave requests; (c) directing Plaintiff to wait at home indefinitely without explanation; and (d) terminating Plaintiff's employment while falsely claiming he voluntarily separated.

**ANSWER: Defendant denies the allegations of ¶34.**

35. Defendant's actions, including refusing reinstatement and terminating Plaintiff after his disability-related medical leave and request to return with full medical clearance, constitute discrimination in violation of the ADA.

**ANSWER: Defendant denies the allegations of ¶35.**

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of benefits, emotional distress, humiliation, and mental anguish.

**ANSWER: Defendant denies the allegations of ¶36.**

**Count II**
**Failure to Provide Reasonable Accommodation**
**in Violation of the ADA, 42 U.S.C. § 12112(b)(5)(A)**

37. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

38. The ADA defines discrimination to include a covered entity's failure to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, unless the covered entity can demonstrate undue hardship. 42 U.S.C. § 12112(b)(5)(A).

**ANSWER: Defendant admits the allegations of ¶38.**

39. Reasonable accommodations include modifications or adjustments that enable a qualified employee with a disability to perform the essential functions of the position or enjoy equal benefits and privileges of employment. 42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(o).

**ANSWER: Defendant admits the allegations of ¶39.**

40. Plaintiff requested reasonable accommodations from Defendant, including medical leave for spinal surgery, information regarding paid leave benefits, and reinstatement upon his return with full medical clearance.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶40.**

41. Defendant failed to provide Plaintiff with reasonable accommodations, including but not limited to: (a) failing to provide information or options regarding paid medical leave; (b) failing to reinstate Plaintiff upon his return with full medical clearance; and (c) failing to engage in any meaningful interactive process to identify and provide accommodations that would enable Plaintiff to return to work.

**ANSWER: Defendant denies the allegations of ¶41.**

42. Defendant's failure to accommodate Plaintiff was not justified by undue hardship or any other lawful defense.

**ANSWER: Defendant denies the allegations of ¶42.**

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages as described herein.

**ANSWER: Defendant denies the allegations of ¶43.**

## Count III
## Failure to Engage in the Interactive Process in Violation of the ADA, 42 U.S.C. § 12112(b)(5)(A), 29 C.F.R. §§ 1630.2(0)(3), 1630.9

44. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

45. Under the ADA and its implementing regulations, once an employer is aware that an otherwise qualified employee with a disability needs a reasonable accommodation, the employer

must participate in an interactive process to identify an appropriate reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. §§ 1630.2(0)(3), 1630.9.

**ANSWER: Defendant denies the allegations of ¶45.**

46. Defendant was aware of Plaintiffs disability and his need for accommodation, including medical leave and reinstatement upon medical clearance.

**ANSWER: Defendant denies the allegations of ¶46.**

47. Defendant failed to engage in any meaningful interactive process with Plaintiff. Instead, Defendant: (a) provided no information regarding leave options; (b) refused to accept Plaintiffs medical clearance; (c) instructed Plaintiff to go home and wait indefinitely; and (d) failed to respond to Plaintiffs multiple requests to return to work.

**ANSWER: Defendant denies the allegations of ¶47.**

48. As a direct and proximate result of Defendant's failure to engage in the interactive process, Plaintiff has suffered and continues to suffer damages as described herein.

**ANSWER: Defendant denies the allegations of ¶48.**

**Count IV**
**Retaliation and Retaliatory Discharge in Violation of the ADA, 42 U.S.C. § 12203(a)**

49. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth in.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

50. The ADA prohibits retaliation against an individual because he opposed any act or practice made unlawful. by the ADA or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. § 12203(a).

**ANSWER: Defendant admits the allegations of ¶50.**

51. Plaintiff engaged in protected activity under the ADA, including but not limited to: (a) notifying Defendant of his medical condition and disability; (b) requesting medical leave as a reasonable accommodation; (c) inquiring about paid leave benefits; (d) attempting to return to work with full medical clearance and asserting his right to reinstatement; and (e) filing a Charge of Discrimination with the EEOC.

**ANSWER: Defendant denies the allegations of ¶51.**

52. In retaliation for Plaintiffs protected activity, Defendant: (a) refused to reinstate Plaintiff to his position; (b) directed Plaintiff to wait at home indefinitely; (c) failed to respond to Plaintiff's communications; and (d) terminated Plaintiffs employment and falsely characterized the separation as voluntary.

**ANSWER: Defendant denies the allegations of ¶52.**

53. There is a causal connection between Plaintiffs protected activity and Defendant's adverse employment actions, as evidenced by, among other things, the close temporal proximity between Plaintiffs requests for accommodation and return to work and Defendant’s retaliatory conduct.

**ANSWER: Defendant denies the allegations of ¶53.**

54. Defendant's discharge of Plaintiff was wrongful, discriminatory, and retaliatory under the ADA. Defendant terminated Plaintiff's employment by refusing to allow him to return to work, directing him to wait at home indefinitely, failing to respond to multiple requests for reinstatement, and misrepresenting to IDES that Plaintiff had voluntarily separated from employment.

**ANSWER: Defendant denies the allegations of ¶54.**

55. As a direct and proximate result of Defendant's retaliation and retaliatory discharge, Plaintiff has suffered and continues to suffer damages as described herein.

**ANSWER: Defendant denies the allegations of ¶55.**

**Count V**
**FMLA Interference and Failure to Reinstate in Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2614(a)(1), 2615(a)(1)**

57. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

58. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA because he had been employed by Defendant for at least twelve (12) months, had worked at least 1,250 hours of service during the twelve (12) months immediately preceding the commencement of his leave, and worked at a covered worksite. 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.1l0(a).

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶58.**

59. Plaintiffs spinal stenosis, collapsed discs, and open spinal surgery constituted a "serious health condition" within the meaning of the FMLA because they involved inpatient care and/or continuing treatment by a health care provider. 29 U.S.C. § 2611(11); 29 C.F.R. § 825.113.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶59.**

60. The FMLA entitled Plaintiff to up to twelve (12) workweeks of unpaid leave because his serious health condition made him unable to perform the functions of his position. 29 U.S.C. § 2612(a)(l)(D). Plaintiff provided Defendant with notice in early February 2025 that he required medical leave beginning on or about February 24, 2025, and his leave through April 14, 2025, was within the twelve-week FMLA entitlement period.

**ANSWER: Defendant admits that the FMLA may provide eligible employees with up to twelve (12) workweeks of unpaid leave for a qualifying serious health condition, but denies the remaining allegations contained in ¶60.**

61. Upon Plaintiff's return from FMLA-qualifying leave, the FMLA entitled him to be restored to the position he held when his leave commenced or to an equivalent position with equivalent

employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(l); 29 C.F.R. § 825.214. Plaintiff satisfied Defendant's return-to-work requirements by passing the drug test and submitting medical clearance to return to work without restriction.

**ANSWER: Defendant admits that, under applicable circumstances, the FMLA provides an eligible employee returning from qualifying leave with certain restoration rights. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in ¶61.**

62. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right provided by the FMLA. 29 U.S.C. § 2615(a)(l).

**ANSWER: Defendant admits the allegations of ¶62.**

63. Defendant interfered with, restrained, and denied Plaintiffs exercise of FMLA rights by, among other things, failing to provide information regarding protected medical leave, refusing to reinstate Plaintiff after he returned with full medical clearance, directing him to wait at home indefinitely, failing to respond to his requests to return, and falsely characterizing his separation as voluntary.

**ANSWER: Defendant denies the allegations of ¶63.**

64. As a direct and proximate result of Defendant's FMLA interference and failure to reinstate, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, other monetary losses, interest, liquidated damages, and equitable relief available under 29 U.S.C. § 2617(a)(l).

**ANSWER: Defendant denies the allegations of ¶64.**

## Count VI
## FMLA Retaliation and Discriminatory Discharge in Violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1)-(2)

65. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

**ANSWER: Defendant incorporates by reference paragraphs 1-30 as though fully set herein.**

66. The FMLA prohibits employers from interfering with an employee's exercise or attempted exercise of FMLA rights and from discharging or otherwise discriminating against an individual for opposing practices made unlawful by the FMLA. 29 U.S.C. § 2615(a)(l)-(2).

**ANSWER: Defendant admits the allegations of ¶66.**

67. Plaintiff engaged in protected activity under the FMLA by notifying Defendant of his need for surgery-related medical leave, requesting and taking FMLA-qualifying leave, attempting to return to work with full medical clearance, and asserting his right to reinstatement after protected medical leave.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations of ¶67.**

68. Defendant retaliated and discriminated against Plaintiff for exercising and attempting to exercise his FMLA rights by refusing to reinstate him, directing him to wait at home indefinitely, failing to respond to his return-to-work communications, terminating his employment, and falsely characterizing his separation as voluntary.

**ANSWER: Defendant denies the allegations of ¶68.**

69. There is a causal connection between Plaintiffs exercise of FMLA rights and Defendant's adverse employment actions, as evidenced by, among other things, the close temporal proximity between Plaintiffs medical leave, attempted return to work, request for reinstatement, and Defendant's refusal to reinstate and termination of Plaintiffs employment.

**ANSWER: Defendant denies the allegations of ¶69.**

70. Defendant's discharge of Plaintiff was wrongful and retaliatory under the FMLA. Defendant terminated Plaintiffs employment by refusing to allow him to return to work after FMLA qualifying leave, directing him to wait at home indefinitely, failing to respond to multiple

requests for reinstatement, and misrepresenting to IDES that Plaintiff had voluntarily separated from employment.

**ANSWER: Defendant denies the allegations of ¶70.**

71. As a direct and proximate result of Defendant's FMLA retaliation and discriminatory discharge, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost employment benefits, other monetary losses, interests, liquidated damages, and equitable relief available under 29 U.S.C. § 2617(a)(l).

**ANSWER: Defendant denies the allegations of ¶71.**

***WHEREFORE***, Defendant, M.T. TRANSIT INC., respectfully prays that this Court enter judgment in its favor and against Plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Amir R. Tahmassebi
Attorney for Defendant

Amir R. Tahmassebi
Taylor A. McGee
KONICEK & DILLON, P.C./Firm No. 37199
70 W. Madison, Suite 2060
Chicago, IL 60602
(630) 262-9655
amir@konicekdillonlaw.com
taylor@konicekdillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2026**, I electronically filed the foregoing **ANSWER TO COMPLAINT** using this Court's EM/ECF service which will provide copies to all parties/counsel of record registered to receive CM/ECF notification.

/s/ Amir R. Tahmassebi